UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAROLYN STANSBURY | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| THE ALLSTATE CORPORATION | * | MAGISTRATE |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff Carolyn Stansbury through undersigned counsel, and files this complaint to obtain full and complete relief and to redress the unlawful employment practices described herein.

### I.  PRELIMINARY STATEMENT

1. This action for employment discrimination seeks declaratory, injunctive and equitable relief, back pay, liquidated damages, compensatory damages, attorney's fees, and costs for discrimination on the basis of age by The Allstate Corporation for its treatment of Carolyn Stansbury, including termination of her employment.

### II.  JURISDICTION

2. This action is brought pursuant to the Age Discrimination in Employment Act (ADEA) 29 U.S.C. § 621 *et seq.* and the Louisiana Employment Discrimination Law, La.R.S. 23:301 et seq. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The Plaintiff has received her right-to-sue letter from the Equal Employment Opportunity Commission (EEOC).

## III. VENUE

4. This action properly lies in the Eastern District of Louisiana because the claims arose while Plaintiff was employed in this district.

## IV. PARTIES

5. Carolyn Stansbury, (hereafter referred to as "Plaintiff" or "Stansbury") is a resident of the state of Louisiana. As of the date of filing this complaint she is 56 years of age.

6. The Allstate Corporation (hereafter referred to as "Allstate") is a foreign corporation authorized to do business in Louisiana.

## V. FACTS

7. Stansbury began her employment with Allstate in 1974 in a clerical position.

8. Between 1977 and 1978,.Stansbury became an adjuster.

9. As of 2010, there were approximately 110 adjusters in Louisiana. Only 10% of those adjusters are over 50 years old.

10. Stansbury's supervisor was Courtney Spencer ("Ms. Spencer"), the Performance Leader.

11. Ms. Spencer's supervisor is Lance Dore ("Mr. Dore"), the Market Claims Manager; and Mr. Dore's supervisor is Scott English ("Mr. English").

12. In 2008, Allstate adapted a new system that was referred to as "the Next Generation."

13. Along with the Next Generation came a new method of documenting claims.

14. At some point Stansbury learned the new system measured the number of days to investigate along with several other measurements.

15. Stansbury surpassed the number of days to investigate – the average number of days was

14.7 days and Stansbury's actual results were around 12.5 days.

16. Stansbury was rated "outstanding" from January 1, 2010 to December 31, 2010 and she was never written up or verbally counseled from the beginning of her employment through early 2011.

17. Sometime in December 2010, Mr. Dore asked Stansbury when she was planning to retire. Stansbury told him that she planned to continue working until 2012, depending on what her situation would be at that time.

18. On or about January 18, 2011, Stansbury was given coaching in the form of a sit a long by her performance leader, Ms. Spencer, in reference to Ms. Spencer's allegation that Stansbury had been prematurely updating liability in the liability screen in an effort to improperly improve her days to investigate result.

19. On or about February 11, 2011, Stansbury was called into a meeting with Debbie Hotard ("Ms. Hotard") and with Rachel Hudson ("Ms. Hudson") via telephone conference.

20. Ms. Hotard asked Stansbury questions regarding files and the "finish later" button.

21. Ms. Hotard then asked Stansbury if she was ever trained in reference to the "finish later button." Stansbury responded "no." Ms. Hotard, who worked in Human Resources, indicated that she was not familiar with the Next Generation claim system and asked Stansbury several questions about it.

22. When Ms. Hudson hung up with Ms. Hotard, Stansbury asked Ms. Hudson "what is this all about? Are they trying to get rid of me after 37 years?"

23. Ms. Hudson called Ms. Hotard back and asked if this is going to get Stansbury fired. Ms. Hotard responded, "they were investigating the situation and could take many different disciplinary actions."

24. Stansbury was terminated on March 11, 2011.

25. Stansbury was called into a meeting with Mr. Dore, Ms. Spencer and Ms. Hotard (who was on the telephone). Mr. Dore stated that Stansbury was being terminated for violating the "Code of Ethics" by manipulating the days to investigate.

26. A few days after her termination, Stansbury called the "home office" in North Brook, Illinois and spoke to Tyrone in Human Resources. Tyrone told Stansbury that she was not terminated for a "Code of Ethics" violation but for falsifying company documents.

27. Allstate's alleged nondiscriminatory reason for firing Stansbury was a pretext for age discrimination.

28. Defendants, by their acts and omissions discriminated against Plaintiff based on her age by terminating her employment.

29. The acts of Defendants were practiced with reckless disregard of Plaintiff's rights under the ADEA.

30. As a direct result of the above acts of Defendants, Plaintiff has suffered pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation.

## VI. CAUSES OF ACTION

31. By the above acts the Defendants have violated the ADEA and the Louisiana age discrimination law by discriminating against the Plaintiff because of her age in terminating her employment.

## VII. PRAYER FOR RELIEF

32. **WHEREFORE**, Stansbury prays that this Court:

   a. Declare that the acts and practices complained of herein are in violation of United

States law and Louisiana law;

b. Enjoin and permanently restrain Defendants from engaging in such unlawful practices;

c. Award Plaintiff all earnings she did not receive because of age discrimination, including but not limited to back pay, front pay, pre-judgment interest, bonuses, pension, and any other lost benefits;

d. Award Plaintiff compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation;

e. Award Plaintiff punitive damages;

f. Award Plaintiff costs, expert witness fees, and attorney's fees;

g. Grant Plaintiff any such relief as this Court may deem just and proper.

## VIII. JURY DEMAND

33. Plaintiff demands trial by jury.

Respectfully submitted,

**JAMES L. ARRUEBARRENA,
ATTORNEY AT LAW, LLC.**

_____
JAMES L. ARRUEBARRENA (#22235)
JAMES L. ARRUEBARRENA, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 525-2520
Facsimile (504) 581-7083
jim@unfairtermination.com

And

RACHEL MARTIN-DECKELMANN (#32195)
JAMES L. ARRUEBARRENA, LLC
1010 Common Street, Suite 3000
New Orleans, Louisiana 70112
Telephone (504) 212-4166
Facsimile (504) 581-7083
rachel@unfairtermination.com

**Attorneys for Carolyn Stansbury**

**SERVICE VIA SUMMONS**

The Allstate Corporation
*through its Registered Agent for Service of Process*
CT Corporation System
208 So. Lasalle Street, Suite 814
Chicago, IL 60604